### UNITED STATES
#### v.
### THE MID CITY NAT. BANK OF CHICAGO.
#### No. 51 C 1680.

United States District Court,
N. D. Illinois, E. D.
Jan. 20, 1953.

The United States Attorney, for plaintiff.

Gustav E. Beerly, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

On this 20th day of January, 1953, the same being one of the regular judicial days of this Court, this cause coming on for trial on the complaint of the plaintiff, United States of America, and the answer of the defendant, The Mid City National Bank of Chicago, a corporation; the respective parties hereto, by their attorneys, having agreed to submit the issues to the Court for trial without a jury.

And the plaintiff, the United States of America, having presented as evidence the official records of the Veterans Administration pertaining to the deceased veteran, David M. Jackson, XC 2–941 591, and sworn testimony as to the authenticity of said records and the pertinent contents thereof.

And it appearing to the Court from said evidence that the veteran, David M. Jackson, died on or about August 24, 1949, a resident of Cook County, Illinois, and a veteran of the armed forces of the United States; that no administration of his estate has been instituted or contemplated; that for some time prior to his death and on the date of his death the deceased veteran was a patient receiving hospitalization and medical care at the expense of the Government in the Veterans Administration Hospital, Hines, Illinois.

It further appearing to the Court that the deceased veteran, David M. Jackson, died intestate, leaving no spouse, heirs or next of kin entitled to his personal property under the laws of Illinois; that, as a condition precedent to his admission to the Veterans Administration Hospital, the said veteran, David M. Jackson, had executed an application for such hospitalization, which included his agreement as follows:

"I agree that, in the event of my death while under care, leaving no heirs at law nor next of kin, all personal property owned by me at the time of my death, including money or choses in action held by me and not disposed of by will, whether such property be the proceeds of pension, compensation, retirement pay, or life insurance, or otherwise derived, shall vest in and become the property of the Veterans Administration for the sole use and benefit of the post fund, and that all my personal property shall upon my death, while under care, at once pass to and vest in the Veterans Administration subject to be reclaimed by any legatee or person entitled to take the same by inheritance at any time within 5 years after my death."

It further appearing to the Court that the plaintiff has proved and the defendant has admitted by its pleadings that the defendant, a corporation, is engaged in the banking business at 801 West Madison Street, Chicago, Illinois; that during the course of its business it came into possession of funds of the said deceased veteran, David M. Jackson, in the principal amount of $1,135.42, on deposit in savings account No. 256423 at the defendant bank; that, in addition to said amount, the said savings account has also earned the semi-annual interest in installments of July 1, 1951, January 1, 1952, July 1, 1952 and January 1, 1953.

It further appearing to the Court that the deceased veteran was buried at Gov-

ernment expense and that no claims of creditors have been asserted.

It further appearing to the Court that the plaintiff has proved and the defendant has admitted by its pleadings that demand was made by the plaintiff upon the defendant in accordance with the provisions of 38 U.S.C.A. § 17d, to release and transfer the funds in the savings account of the deceased to the plaintiff, but that the defendant has failed and refused to do so.

The Court, after considering all the evidence and the pleadings, finds that, by virtue of Title 38 U.S.C.A. §§ 17 and 17a, it was at all times a condition precedent to the furnishing and acceptance of the hospital care by the said David M. Jackson that, upon his death intestate, while receiving such care in a Veterans Administration hospital, without surviving spouse, heirs or next of kin, the United States of America, as trustee for the sole use and benefit of the General Post Fund, would become immediately vested with the ownership of all his personal property, and that a valid contract to that effect existed between David M. Jackson and the United States of America, as such trustee, at and before his death.

The Court further finds that the said David M. Jackson died on or about August 24, 1949, while receiving care and treatment at Government expense in the Veterans Administration Hospital, Hines, Illinois, and intestate, without leaving any surviving spouse, heirs or next of kin entitled to receive his property under the laws of Illinois; that no claims of creditors or other claimants have been asserted.

The Court further finds that the defendant, by virtue of 38 U.S.C.A. §§ 17–17j, was obligated and required, upon demand by the plaintiff, to deliver the personal property in its hands belonging to the deceased veteran, David M. Jackson, to the Administrator of Veterans' Affairs or his authorized representative, said funds to inure to the sole use and benefit of the General Post Fund; that demand was made by the said plaintiff to the said defendant but that the said defendant has failed and refused to comply with the demand but is holding said funds unlawfully and without justification despite the fact that the above described statute provides a complete acquittance to the defendant upon delivery of such funds.

The Court further finds that the provisions of 38 U.S.C.A. §§ 17–17j, are self-executing and probate or administration proceedings are not conditions precedent to the Defendant's release of said funds to the Plaintiff; that the said statute provides a full and adequate method whereby any possible heirs, creditors or other entitled claimants may present their claims to the Government.

It Is Therefore Ordered, Adjudged and Decreed and the Court does hereby order, adjudge and decree that judgment be and is hereby entered herein against the defendant, The Mid City National Bank of Chicago, a corporation, and in favor of the plaintiff, the United States of America, in the amount of $1135.42, plus the semi-annual interest installments of July 1, 1951, January 1, 1952, July 1, 1952, and January 1, 1953, and that costs of suit be and are hereby taxed against the defendant.

It Is Further Ordered, that any remittance made in payment of this Judgment shall be made payable to the Veterans Administration and may be delivered to the attorney for the plaintiff.